UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUG L. ALSUP,

        Petitioner,

v.                                                  CASE NO. 08-10981
                                                  HON. VICTORIA A. ROBERTS

GOVERNOR, MICHIGAN PAROLE BOARD,
and WARDEN THOMAS BELL,

        Respondents.
_____/

**ORDER OF DISMISSAL**

**I. Introduction**

Doug L. Alsup (Petitioner) has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. §§ 2241 and 2254. Petitioner alleges that he was convicted of a narcotics offense in Berrien County, Michigan and sentenced on August 6, 2007, to three to forty years in prison.

Petitioner filed his habeas corpus petition on March 7, 2008. The rambling document challenges House and Senate Bill 4130, P.A. 181, which amended the parole statutes and became effective on September 22, 1992. Petitioner alleges that the Governor of the State of Michigan illegally altered or amended the legislative bill and therefore the amended statute is unconstitutional and void. Petitioner further alleges that the statutory amendments violated his rights under the Ex Post Facto Clause of the United States Constitution. He seeks to be discharged from the Michigan Department of Corrections.

## II. Discussion

Petitioner has no constitutional or inherent right to release on parole, *Greenholtz v. Inmates of the Nebraska Penal and Corr. Complex,* 442 U.S. 1, 7 (1979), and state court records indicate that he presently is not eligible for parole. His earliest release date is August 3, 2010. *See* www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=534659. Thus, Petitioner's challenge to the Parole Board's jurisdiction over him is premature.

Petitioner's *ex post facto* argument also lacks merit. Although the Constitution prohibits Congress and the states from passing *ex post facto* laws, *see* U.S. CONST. art. I, § 9, cl.3 and art. I, § 10, cl.1, a law is *ex post facto* only if it "punishes as a crime an act previously committed, which was innocent when done, . . . makes more burdensome the punishment for a crime, after its commission, or . . . deprives one charged with crime of any defense available according to law at the time when the act was committed . . . ." *Beazell v. Ohio*, 269 U.S. 167, 169-70 (1925).[1] None of these provisions apply here because Petitioner was convicted and sentenced after the parole statute in question was amended.

Petitioner's allegation that the legislative process violated the separation of powers between branches of state government is not cognizable on habeas review because it raises an

---

[1] *See also Calder v. Bull*, 3 U.S. 386, 390 (1798), where the Supreme Court explained that e*x post facto* laws include:

> 1st. Every law that makes an action, done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2nd. Every law that aggravates a crime, or makes it greater than it was, when committed. 3rd. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender.

issue of state law. *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000). "[A] federal court may not grant habeas relief based on 'a perceived error of state law.'" *Id.* (quoting *Pulley v. Harris*, 465 U.S. 37, 41 (1984)). Furthermore, state officials are not required to follow their own procedural statutes and rules as a matter of federal due process. *Sweeton v. Brown,* 27 F.3d 1162, 1165 (6th Cir. 1994) (*en banc*).

### III. Conclusion

Petitioner has failed to show that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a). Accordingly, his application for the writ of habeas corpus [Doc. 1, Mar. 7, 2008] is summarily DISMISSED pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court DECLINES to issue a certificate of appealability because reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Leave to appeal may not be taken *in forma pauperis*, because an appeal from this decision would not be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(2)

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 1, 2008

> The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on April 1, 2008.
>
> s/Carol A. Pinegar
> Deputy Clerk